United States District Court
Southern District of Texas
**ENTERED**
May 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI AMIR, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-478 |
| | § | |
| BAYWAY AUTO GROUP, | § | |
| | § | |
| *Defendant*. | § | |

# ORDER

Pending before this Court is Bayway Auto Group's ("Defendant") Motion to Strike Plaintiff's Complaint and Motion for Sanctions under Fed. R. Civ. P. 11. (Doc. No. 10). Ali Amir ("Plaintiff") filed a response in opposition. (Doc. No. 11). Defendant replied. (Doc. No. 12). Having considered the motion, relevant pleadings, and applicable law, the Court **DENIES** the Motion. (Doc. No. 10).

## I. Background

This is an alleged employment discrimination case. Plaintiff alleges that he experienced discrimination on the basis of national origin and retaliation for protected conduct during his employment at Defendant's car dealership, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. He originally filed suit in a different case, also before this Court, under the case number 4:23-cv-4328. There, the parties agreed to arbitrate the case pursuant to an arbitration agreement, so the Court ordered arbitration and dismissed the case without prejudice.

After the arbitrator granted Defendant's summary judgment on statute-of-limitation grounds, Defendant filed a new suit in the above-captioned case. This suit contains the same discrimination claim under Title VII, but also added a 42 U.S.C. § 1981 claim and a breach of contract claim and based the retaliation claim under § 1981, rather than Title VII. *See* (Doc. No.

4) (Pl.'s Am. Compl.). Arguing that res judicata bars all of Plaintiff's claims in the new suit, and that this res judicata effect would have been known to Plaintiff's counsel had he conducted reasonable research as required by Rule 11, Defendant moves to strike the complaint and for sanctions. (Doc. No. 10).

## II.     Analysis

Defendant's motion simply assumes the res judicata effect of the unconfirmed arbitration award on even the different and additional causes of action; nor does is a motion to strike the proper vehicle to raise the res judicata defense. The Fifth Circuit has provided clear guidance on how to raise a res judicata defense: "Although res judicata generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *see also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (favoring adjudication of res judicata at summary judgment or at trial).

Here, the res judicata defense was neither pleaded as an affirmative defense nor raised in a motion to dismiss under Rule 12(b)(6) or motion for summary judgment. Moreover, Defendant fails to make any arguments on why Plaintiff's new and different claims are barred by res judicata. *See Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (applying "a transactional test to determine 'whether two suits involve the same claim or cause of action'"). As such, the Court **DENIES** Defendant's Motion to Strike and Motion for Sanctions. (Doc. No. 10).

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Complaint and Motion for Sanctions under Fed. R. Civ. P. 11. (Doc. No. 10).

It is so ordered.

Signed on this the 8th day of May, 2025.

Andrew S. Hanen
United States District Judge