IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI AMIR, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-478 |
| | § | |
| BAYWAY AUTO GROUP, doing business as | § | |
| BAYWAY CADILLAC OF THE | § | |
| WOODLANDS, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court is Defendant's Application to Confirm Arbitration Award. (Doc. No. 16). Plaintiff responded, (Doc. No. 17), to which Defendant replied, (Doc. No. 18). For the following reasons, this Court **GRANTS** Defendant's Application and confirms the arbitration award as a judgment in this Court.

### I.    BACKGROUND

Plaintiff Ali Amir ("Plaintiff") brought this lawsuit against Defendant Bayway Auto Group doing business as Bayway Cadillac of the Woodlands ("Defendant"), alleging employment discrimination and retaliation on the basis of national origin. (Doc. No. 16 at 1). He originally filed suit in a different case, also before this Court, under the cause number 4:23-cv-4328. There, the parties agreed to arbitrate the case pursuant to an arbitration agreement, so the Court ordered arbitration and dismissed the case without prejudice.[1] After hearing the case, the arbitrator granted Defendant's summary judgment on statute-of-limitation grounds and dismissed Plaintiff's claims with prejudice. (Doc. No. 16-1 at 2–3). Defendant now asks this Court to confirm the arbitrator's

---

[1] Defendant originally filed the present motion under Cause No. 4:23-cv-4328; however, this Court instructed the parties to instead file their motions in the above-captioned case, as this case was already ongoing between the parties and the original case was closed. (Docket 4:23-cv-4328, Doc. No. 7).

award as a judgment in this case. (Doc. No. 16 at 1). In response, Plaintiff asks this Court to deny the Defendant's request and instead, vacate the arbitration award. (Doc. No. 17 at 6).

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") reflects a national policy favoring arbitration. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012) (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)); *see also Hall St. Assocs., L.L.C.*, 552 U.S. at 588 (noting that the FAA provides "just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway").

Under the FAA, the court "must" confirm an award unless the award is vacated under Section 10 or modified or corrected under Section 11. *Hall St. Assocs., L.L.C.*, 552 U.S. at 582. Section 10 of the FAA provides the exclusive grounds for vacatur of an arbitration award. *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). An award may be vacated: (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct . . . or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it." *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016).

### III.    ANALYSIS

Plaintiff presents two arguments for vacatur of the arbitrator's decision; both ultimately fail. First, Plaintiff argues that the arbitration award should be vacated due to the arbitrator's "evident partiality." (Doc. No. 17 at 3).[2] Under the FAA, a court may vacate an arbitration award where there was evident partiality or corruption amongst the arbitrators, which is a "stern standard" to meet. *Cooper*, 832 F.3d at 545. For the arbitration award to be vacated here, Plaintiff "must produce specific facts from which a reasonable person would have to conclude that the arbitrator was partial to [the Defendant]." *Id.* The only allegation of partiality Plaintiff makes is that the arbitrator recited the "defendant's made-up law as the controlling statute." (Doc. No. 17 at 3). Plaintiff points to no specific portions of the record in this assertion. General allegations like these are hardly sufficient to establish the strict "evident partiality" standard required by the Fifth Circuit. *See Cooper*, 832 F.3d at 545 (holding that "general allegations of partiality" that fail to point to any evidence in the record fail to show clearly evident bias).

Plaintiff's second argument similarly fails. Next, he claims that the arbitrator "exceeded his power when rendering the award," by both misapplying the law and deciding an issue not submitted for arbitration. (Doc. No. 17 at 3–6). Essentially, Plaintiff argues that the arbitrator should have looked to the arbitration agreement's deadline to bring a suit to determine the relevant statute of limitations, rather than the statutorily defined deadline to bring a civil action after receiving a right-to-sue letter from the EEOC. *See* (*id.*). The arbitrator ultimately dismissed Plaintiff's suit because the 90-day statute of limitations to sue after Plaintiff received his EEOC charge had passed. (Doc. No. 16-1 at 12–13).

---

[2] Plaintiff did not file a separate Motion to Vacate the Arbitration Award, instead arguing for the award to be vacated in his response. (Doc. No. 17).

An arbitration award may not be set aside for a mere mistake of fact or law. *Cooper*, 832 F.3d at 546. Even assuming the arbitrator erred in applying the statute of limitations, which Plaintiff has not shown to have happened in this case, that "mere mistake" would not justify vacatur. *Id.*; *see also Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." (omission and alteration in original) (citation and internal quotation marks omitted)). Although Plaintiff fails to make clear what issue the arbitrator allegedly decided that was not submitted for arbitration, the Court presumes Plaintiff means the statute of limitations issue. That being said, the statute of limitations issue was appropriately decided by the arbitrator. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[P]rocedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide."); *Cooper*, 832 F.3d at 546 ("Procedural questions, such as whether a claim is barred by a statute of limitations, are generally "to be reviewed by the arbitrator."").

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Application to Confirm Arbitration Award is **GRANTED**. (Doc. No. 16). The Clerk is ordered to close this case.

It is so ordered.

Signed on this the 22nd day of December, 2025.

Andrew S. Hanen
United States District Judge